IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FRAN M. KEATON                                                                                      PLAINTIFF

v.                                    CASE NO.: 4:07-CV-634-BSM

PROPERTY & CASUALTY INSURANCE
COMPANY OF HARTFORD, TODD ALMOND,
and JOHN DOE COMPANY                                                                     DEFENDANTS

ORDER

Pending are plaintiff's Second Motion to Compel Discovery Responses and Sanctions [Doc. #42] and defendants' response [Doc. #50]. The motion is granted in part and denied in part for the reasons set forth below.

*I. Background*

Plaintiff Fran Keaton had several insurance policies, including a homeowner's policy, with defendant, Property & Casualty Insurance Company of Hartford (Hartford). In 2005, Keaton stored a number of items in a storage facility. Later that year, Keaton filed a claim under her homeowner's policy claiming that some of the items had been stolen from the storage facility. Hartford denied the claim and cancelled Keaton's policies allegedly due to nonpayment, despite the existence of a "Lifetime Continuation Agreement" clause.

Keaton filed suit in the Pulaski County Circuit Court and the case was removed due to diversity of citizenship. The complaint alleges breach of contract and bad faith and seeks compensatory damages, punitive damages, penalties, and attorney fees.

Keaton has moved to compel discovery responses from Hartford. Prior to filing her motion, Keaton submitted two sets of interrogatories and two sets of requests for production of documents. Hartford submitted unsigned responses and on April 18, 2008, Keaton's counsel sent a letter to

Hartford's counsel asking when the verification pages would be provided. Keaton asserts that the responses had not been verified as of the date that her motion to compel was filed. She also alleges that most of Hartford's responses are cut and paste responses and fail to comport with Federal Rule of Civil Procedure 30(b).

On May 27, 2008, Hartford tendered its response to Plaintiff's motion to compel. [Doc. #36] This court subsequently denied Plaintiff's motion to compel because Plaintiff failed to comply with Local Rule 7.2 and Rule 37. [Doc. #40] On June 2, 2008, Plaintiff filed her Second Motion to Compel Discovery Responses and for Sanctions. [Doc. #42] Plaintiff asks this court to strike Defendants' defenses for failure to comply with the Federal Rules of Civil Procedure governing discovery. In the alternative, Plaintiff asks this court to strike all of Defendants' witnesses and the use of any evidence produced after the discovery deadline. Plaintiff also requests that she be allowed to take depositions after the discovery deadline once the documents are produced.

*II. Discussion*

As a general rule, parties may obtain discovery regarding any matter, not privileged, so long as it is "relevant to the subject matter involved in the pending action." *See McGowan v. Gen. Dynamics Corp.*, 794 F.2d 361, *363 (8th Cir. 1986); *U.S. v. Karlen*, 645 F.2d 635, *641 (8th Cir. 1981); Fed. R. Civ. P. 26(b). The phrase "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, an issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, *351 (1978). The scope of discovery is not limited to the issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id.* Nor is the

scope of discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Id.* There are, however, boundaries to the scope of discovery. *See id.* The scope of discovery does not extend to matters not reasonably calculated to lead to the discovery of admissible evidence. *Id.* A district court's determination on matters of discovery will be reversed on appeal only if a gross abuse of discretion occurs that results in fundamental unfairness in the trial of the case. *McGowan*, 794 F.2d at *363.

A.   Documents Sought by Plaintiff

According to the record before the court, Hartford has failed or refuses to produce the following:

- all manuals, training material or other material provided to Hartford's claims personnel or investigators investigating claims in Arkansas for five years prior to December 18, 2005

- all manuals, training material or other material provided to claims investigator, Todd Almond, as part of his training

- all manuals, memo or other writings generated or used in relation to adjusting claims in Arkansas

- Todd Almond's personnel file

- any documents, letters, memos, or emails concerning Mr. Almond's work or work performance, including disciplinary actions

- any document, manual, or other written or recorded item that provides the standards to which Hartford's claims handlers are expected to adhere

- all written material Hartford provided to its claims handlers to assist them in handling property loss claims in the five years prior to December 18, 2005

- copies of all written or recorded material Hartford provided to claims representatives handling property loss claims in the five years prior to December 18, 2005

- a copy of all uniform standards Hartford provides to its claims adjusters including but not limited to Arkansas in the five years prior to December 18, 2005

- a copy of all standards of ethical conduct that Hartford adheres to as related to the handling of property claims in Arkansas, in particular in the five years prior to December 18, 2005

- copies of all Hartford insurance policies provided to Fran Keaton in the five years preceding the property loss that is subject to the pending lawsuit.

- copies of any NAIC model regulations used by, adhered to, or followed by Hartford in handling property claims in Arkansas

- any document used by Hartford for training or supervising claims handlers or investigators that use or incorporate the standards set out in Arkansas Insurance Commission Rule and Regulation 43

- any document used by Hartford for training or supervising claims handlers or investigators that use or incorporate the standards set out in Arkansas statutory law governing claims handling and claims

Hartford objects to the production of these documents, asserting that they are either (1) privilege, or (2) that the requests seeking these documents are overly broad and unduly burdensome.

> Rule 26(b)(5) of the Federal Rules of Civil Procedure provides:
>
> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Hartford's objections to the production of the above referenced documents on the basis of privilege, fails to comply with Rule 26(b)(5). Therefore, the court finds that the documents requested by Plaintiff shall be produced.

As to Hartford's contention that the requests were too broad, a general allegation as to the

burdensome nature of a discovery request is not available as an exercise to avoid the imposition of sanctions. *International Brotherhood of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084 (8th Cir. 2004). Furthermore, Arkansas law provides that an insurance company owes its insured the duty to act in good faith and also the duty to act without negligence. *Southern Farm Bureau Cas. Ins. Co. v. Mitchell*, 312 F.2d 485, *489 (8th Cir. 1963). To recover under her bad faith claim, Plaintiff must establish affirmative misconduct by Defendants that was made without a good faith defense, which misconduct was dishonest, malicious, or oppressive in an attempt to avoid liability under a policy. *Richison v. Boatmen's Ark., Inc.*, 64 Ark. App. 271, 276, 981 S.W.2d 112 (1998). The items sought by Plaintiff could reasonably be used to establish her claim of bad faith. Therefore, the court finds that the documents sought by Plaintiff are relevant and Hartford is ordered to produce them.

The court also finds that the items sought by Plaintiff are relevant to her breach of contract claim. This is the case, because, to establish a breach of contract, Plaintiff needs to prove the existence of a valid contract, that she substantially performed her obligations under the contract, that Hartford breached the contract, and that she suffered damages. *See TEC Floor Corp. v. Wal-Mart Stores, Inc.*, 4 F.3d 599 (8th Cir. 1993).

B.    <u>Admissions Sought by Plaintiff</u>

According to the record, Plaintiff filed a request for admissions and Hartford refused to make the following admissions:

- It is required to comply with all applicable provisions of Arkansas statutory law when investigating or adjusting property claims in Arkansas.

- That it is a standard in the insurance industry for claims departments adjusting claims in Arkansas to adjust claims in a manner that does not

> violate the substantive provisions of Arkansas statutes and Arkansas Insurance Commission Rules and Regulations when handling or adjusting claims in Arkansas.
>
> • That Hartford was in the practice of billing Fran Keaton's insurance premiums to her credit card in the year preceding the property loss that is the subject of this lawsuit.
>
> • That Hartford must follow Arkansas Insurance Rule and Regulation 43 when investigating and adjusting property loss claims in Arkansas.
>
> • That Hartford must follow Arkansas statutory law governing the investigation and adjusting of insurance claims when investigating and adjusting property loss claims in Arkansas such as Fran Keaton's claim

Hartford argues that Plaintiff's request for admissions sought improper admissions of matters of law. Requests for admissions are not to be employed as a means to establish facts which are obviously in dispute or to answer questions of law. *Lakehead Pipe Line Co. Inc. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997). Accordingly, a request for admissions which involves a pure matter of law are considered inappropriate. *Id*.

The court specifically finds that the only request for admission set forth above that was appropriate was: "that Hartford was in the practice of billing Fran Keaton's insurance premiums to her credit card in the year preceding the property loss that is the subject of this lawsuit." Plaintiff's motion to compel that request for admission is granted and Hartford is ordered to either admit or deny that request for admission. The remaining requests for admission involve pure matters of law and are, therefore, inappropriate and the court denies Plaintiff's motion to compel on those requests.

C.  <u>Sanctions</u>

To impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party. *Mems v. City of St. Paul Dep't of Fire &*

*Safety*, 327 F.3d 771, *779 (8th Cir. 2003); *Laclede Gas Co. v. G.W. Warnecke Corp.*, 604 F.2d 561, *565 (1979). In that there are no previous orders compelling Hartford to produce the documents and admissions at issue in this order, sanctions under Rule 37 are inappropriate at this time.

### *III. Conclusion*

Because the documents sought by Plaintiff in her second motion to compel are relevant to the issues in this case, the court grants Plaintiff's motion to compel the documents sought in her request for production of documents. The court also grants Plaintiff's motion to compel Hartford to either admit or deny whether "Hartford was in the practice of billing Fran Keaton's insurance premiums to her credit card in the year preceding the property loss that is the subject of this lawsuit." The court denies Plaintiff's motion to compel Hartford to either admit or deny the remaining requests for admission.

IT IS SO ORDERED this 20th day of June, 2008.

                                                                                    /s/ Brian S. Miller  
                                                                               UNITED STATES DISTRICT JUDGE