**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FRAN M. KEATON**                                                                                           **PLAINTIFF**

**v.**                                       **CASE NO. 4:07-CV-00634 BSM**

**PROPERTY & CASUALTY INS.
COMPANY OF HARTFORD**                                                                        **DEFENDANT**

## ORDER

On July 1, 2008, the court informed the parties that it favors full disclosure and requires parties to produce everything that might lead to relevant discoverable information. Understanding the sensitivity of certain documents requested of defendant by plaintiff, a protective order was entered on July 17, 2008 [Doc. No. 91], requiring plaintiff to return all protected documents to defendant at the conclusion of the litigation.

Defendant produced hard copies of more than 3,000 protected documents and scanned more than 6,000 protected documents onto a compact disc (disc) and produced the disc to plaintiff. At the conclusion of the litigation, plaintiff returned to defendant the more than 3,000 printed documents, but failed to return the disc and any documents printed from the disc. In response to defendant's request for return of the disc and all documents printed from the disc, plaintiff at first stated that the documents were returned. She later notified defendant that the disc was lost. Defendant requested a hearing after receiving these confusing, if not conflicting, responses.

A show cause hearing was conducted on March 19, 2009, in which James Swindoll,

one of plaintiff's lawyers, represented that he reviewed the disc and nothing on it was helpful to the prosecution of plaintiff's case. He further represented that no documents were printed from the disc. He stated that, after reviewing the disc, he turned it over to his co-counsel, Steven Owings, who was responsible for maintaining possession of it.

Mr. Owings's assistant, Jennifer Bearden, then testified that another person in Mr. Owings's office was responsible for maintaining the file but that he was no longer employed by the firm. She testified that she called the former assistant and was informed that he did not have possession of the disc and did not know where it was located. Ms. Bearden testified that she searched for the disc and was unable to find it.

It is of some concern that Mr. Owings, the person who wrote the conflicting letters to defendant, and who was responsible for maintaining the disc, did not appear at the hearing. The court, however, accepts Mr. Swindoll's representation that Mr. Owings was unable to appear due to a previously planned family vacation. The court also accepts Mr. Swindoll's representation that no documents were printed from the disc. Moreover, the court finds Ms. Bearden's testimony credible, and accepts her statement that the disc has been misplaced. For these reasons, the court finds that, although plaintiff violated the protective order, the violation was unintentional.

This presents the court with an important issue, which is, what punishment should be imposed upon plaintiff for her violation of the protective order? Defendant is appropriately concerned that it should not have to incur attorney's fees and expenses to enforce the court's

order.  Indeed, defendant, through counsel, quite forcefully argues that the court cannot merely turn its cheek to this violation because to do so would punish defendant for seeking return of its documents and attempting to enforce the court's order.  Defendant notes that it has incurred thousands of dollars in fees and expenses in an attempt to enforce the court's protective order.  Although the court sympathizes with defendant's position, the hearing testimony and representations of counsel in open court show that the violation of the protective order is due to an honest mistake by plaintiff's counsel.  Indeed, the violation is due to counsel's misplacement of a disc.  It would therefore be improper to impose sanctions against plaintiff and award substantial attorneys' fees to defendant.

For the reasons set forth herein, plaintiff is ordered to return the disc to defendant in the event that plaintiff, or plaintiff's counsel, ever locates the disc.  Further, plaintiff and plaintiff's counsel will be subjected to severe sanctions should either disclose to a third party any information contained on the disc or if either fails to immediately return the disc to defendant upon finding it.  Finally, defendant is awarded a nominal attorneys' fee of $300.

Accordingly, defendant's Motion to Enforce the Agreed Protective Order and for Reimbursement of Fees and Expenses [Doc. No. 107] is granted.

IT IS SO ORDERED this 20th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE